## Case No. 9,007.

### MANCHESTER v. MILNE.

[Abb. Adm. 158.] [1]

District Court, S. D. New York. Feb., 1848.

COSTS—ADMIRALTY—TAXATION BY CLERK—PROCTOR'S FEES—MOTIONS TO POSTPONE—WRITTEN ARGUMENTS—FINAL DECREE.

1. Since the adoption of the circuit court rules of 1845, rule 96 of the district court of 1838, refusing to a proctor in a suit fees as advocate, is abrogated. in respect to all fees other than those specifically introduced and appointed by the district court; and fees for services as proctor and as advocate are taxable to the same person.

1 [Reported by Abbott Brothers.]

2. In what cases costs may be taxed for motions to postpone the hearing of a cause called in its order on the calendar.

3. Costs are not taxable for the preparation of written arguments. except upon a stipulation in writing, to that effect.

4. In what cases costs may be taxed upon motions to enlarge time to answer, upon motions for final decree, motions for costs, for a reference, &c.

This was a libel in personam, by Cyrus B. Manchester against George Milne, to recover freight upon a cargo of coal. The cause was before the court upon the merits in 1848, when a decree was rendered in favor of the libellant. The proceedings upon that hearing are reported [Case No. 9,006]. The cause now came up upon appeal from a taxation of costs.

BETTS, District Judge. Both parties appeal from the taxation of costs made by the deputy clerk in this case; but the principal exceptions, in number and amount, are taken by the respondent. Two legal points of general application are raised, which are of sufficient importance to demand a formal consideration, and the reasons assigned for this decision will have relation chiefly to those propositions.

The bill rendered and taxed embraces separate charges for advocate's and proctor's fees, the pleadings being signed by Messrs. Burr and Benedict as proctors, and by Mr. Beebe as advocate. The respondent has put in his affidavit, stating that those three gentlemen are copartners in the practice of law in this city, and that, as is generally understood, they practice in copartnership in all the state and United States courts; and he objects to the charge of advocate's fees at all, contending that all the partners in effect act as proctors in the cause.

Mr. Beebe, by affidavit, states that the connection between himself and Messrs. Burr and Benedict, in the admiralty business conducted in their office, is not a copartnership; that he acts as advocate solely, and takes to himself the taxable fees as advocate for his compensation, and has no share of or interest in the fees of the proctors. which belong exclusively to the other two gentlemen.

I do not, however. consider this fact. whichever way it may be, as varying essentially the question; because, in my opinion, the rule of allowance is definitely fixed by law in respect to the greater part of the items in contestation. The rules of the circuit court. adopted June 28. 1845, which also govern the practice and costs of this court, change rule 96 of this court. and regulate the costs of parties, their attorneys, solicitors, and counsel, in private actions, conformably to the grant by the act of congress of May 18. 1842 [5 Stat. 475], of costs to the United States attorneys within this state; and when services are rendered pursuant to the course of practice of this court, for which no fees are specifically appointed under the act, the

usages of this court and the United States supreme court are to determine the rate of allowance.

The provision in the act of congress limits the fees receivable by the United States attorneys to the fees and compensation allowed by the laws of the state of New York, for like services, according to the nature of the proceedings. These rules accordingly render the statute law of New York in relation to costs, in force May 18, 1842, the rule of taxation in this court, when no specific fee is appointed by congress. The state act of May 14, 1840 (section 4), provides, that when a fee is allowed to an attorney or counsellor, it shall be taxed only for one counsel or attorney, and the same person may be allowed fees both as attorney and counsel in the same cause.

It would accordingly make no difference if the advocate and proctors in this cause were in full partnership in every branch of their business, sharing in common all costs taxable in the cause; for it is plain that a fee appointed to a proctor for a service, and another to an advocate for the same service, would, under those provisions, be both taxable to the same person.

The act of congress comprehends all classes of costs taxable in favor of district attorneys and clerks in this state, within whatever jurisdiction their services are rendered, and the rules of the circuit court have force in respect to private suitors, coextensively with the provisions of the statute relating to those official fees. In my opinion the provisions of the state law so adopted by congress, must be held to supersede all regulations previously in force under the rules or practice of this court or of the circuit court conflicting with the state law; and that the restriction in the tariff of costs, established by this court in 1838, which denies to a proctor the allowance of the same fee taxed to him as advocate, is abrogated.

I accordingly hold that the objection to the taxation of advocate fees in the cause must be overruled. The next objection of a general bearing is that taken to the charges for attendance, for briefs and opposing motions, and for temporary delays asked for and allowed in term, in respect to the trial of the cause.

It seems that when the cause was called in its place on the calendar, excuses were offered on the part of the respondent, and a request was made that the hearing might be postponed to an after day, which was objected to at the time on the part of the libellant. No notice of motion was given, and no proofs were introduced which were the subject of discussion.

I think the party has no right to the fees charged for that proceeding. A formal motion or affidavit to put off a cause for the term stands on a different footing, and the party against whom it is made may rightfully ask to have its hearing deferred until he is prepared to meet it, and if he waives that right, and consents to debate or meet the motion instanter, there would be a reasonable color for allowing him the usual costs attached to the resistance of special motions made on notice given. It is otherwise in incidental, and, as it were, colloquial applications, where from some casualty a party asks that his case may be deferred to a particular day, or be temporarily passed on the calendar. All the costs which would naturally appertain to such arrangement of the business would be the expense of witnesses for the day, and perhaps, on a liberal construction of the fee-bill, the attendance fee of the advocate and proctor in court for the time.

I shall allow charges for opposing motions made on notices given to put the cause off for the term, and disallow them in all cases where the application was without notice, and only to defer the hearing to another day in the same session.

No appointment of a fee in the state law, or under the practice of the United States courts, is shown for written arguments. They are furnished by mutual consent, and for the purpose of expediting the decision of a cause not likely to be heard orally. Neither party can therefore cast upon the other the expense of that mode of proceeding. If the counsel will not waive their right to taxable fees for arguing a cause, they must mutually stipulate in writing, that a written argument shall be regarded, in the taxation of costs, the same as an oral one in court.

It is stated in the bill of costs, that the judge ordered the cause to be submitted in writing. This is undoubtedly a misapprehension. Such direction is never given in our practice. If one party insists on an immediate hearing, and to avoid the delay asked by the other, offers to submit the case on written argument, the court may refuse the delay asked except on condition of furnishing a written argument. This is only to preserve to the diligent and prepared party all his rights and the advantage of a prompt disposition of the case. But that in no way rests on the authority to prescribe to parties this particular method of debating the case. Those charges in this bill must be rejected.

Various items of charge are claimed for attending court, and on motions made in writing, merely formal as for time, to the defendant to answer it, &c. This is mere chamber business. In some of the instances specified, the extension of time was assented to by the libellant, and no special attendance was necessary or required on his part. Where the continuance was allowed on return day of process, the libellant must, according to the due order of practice, be in attendance to receive that return, and is allowed a fee therefor, and he cannot duplicate that fee, because of another step then taken, entirely incidental to the return. So, also, it was needless for him to attend in court at the day allowed the defendant to answer.

He was entitled on return of process to a default nisi, and if the defendant failed to comply with the terms of his indulgence, the decree on that default would become final.

Merely supposititious motions cannot be charged, such as motion for final decree, motion for costs, motion for reference, &c., when the object of the supposed motions are embraced in the decretal order of the court; though there may be foundation for similar charges when they are based upon specific application to the court for the modification, reversal, or enlargement of the final decree as to any of those particulars.

The taxed bill must be rectified according to the directions here given.

MANCHESTER (PROVIDENCE v.). See Case No. 11,450.

MANCHESTER PRINT WORKS (AIKEN v.). See Case No. 113.

MANCIETTE (NORMAN v.). See Case No. 10,300.

MANDELBAUM (KING v.). See Case No. 7,799.